**William FELTON, Plaintiff,**

v.

**BOARD OF COMMISSIONERS OF the COUNTY OF GREENE and Robert Crowe, as Commissioner of Greene County, Defendants.**

**No. TH 89–263–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

May 31, 1994.

**1100**

Brenda Rodeheffer, Monday Rodeheffer & Jones, Kenneth E. Lauter, John H. Haskin & Associates, Indianapolis, IN, Mary Ann Habeeb, Albright & Habeeb, Indianapolis, IN, for William E. Felton.

James S. Stephenson, Stephenson Daly Morow & Kurnik, Indianapolis, IN, Marilyn A. Hartman, Hartman & Paddock, Bloomfield, IN, for Greene County Com'rs, Lee L. Stone, Robert Crowe.

### ORDER ON MOTION TO DISBURSE MONEY

HUSSMANN, United States Magistrate Judge.

This matter is before the Court on the Motion for Disbursement of Monies filed by John H. Haskins & Associates (hereafter "Haskins")[1] on January 28, 1994. Haskins sought an order to disburse money deposited by the defendants into the Clerk of Court to satisfy an Amended Judgment Entry dated October 29, 1993 (hereafter "Amended Judgment Entry"). In the motion to disburse the monies, Haskins requests that this Court order the defendants to pay to plaintiff's counsel post-judgment interest on the amount of attorney's fees awarded in the Amended Judgment Entry. At the Court's request, Haskins filed a Memorandum of Law on March 29, 1994, in support of his position that this Court must order the defendants to pay additional money into the Court to satisfy the judgment. The defendants filed a Response Memorandum on April 21, 1994, which argues that the Amended Judgment Entry did not award post-judgment interest on the attorney fee award, and that in the absence of a motion to amend the judgment under Federal Rule of Civil Procedure 59, no interest is payable.

In analyzing this problem, it should be noted that in this Circuit, interest on unliquidated claims, such as attorney fee awards, commences to run on the date of the entry of judgment—which here is October 29, 1993.[2] *Fleming v. County of Kane*, 898 F.2d 553, 563 (7th Cir.1990). Interest ceases to accrue on the date that the judgment is paid. *Fleming, supra* at 563. In this case, that date is March 2, 1994. The legal standard being what it is, the Court however notes that a certain period of time is necessary from the time a judgment entry is received by an official of a municipal entity defendant for that official to seek final review of the legality of the judgment, decide on whether any further appeal of the judgment is warranted, and process the judgment for payment through the appropriate fiscal authority. In

---

1. This memorandum was filed by plaintiff's former counsel of record who by contractual agreement is entitled to a portion of the attorney fee award. The fact that Haskins is no longer counsel of record for plaintiff has no real bearing on this issue as plaintiff did not himself assert any claim to the interest on the attorney fee portion of this award at the hearing held in this matter on March 23, 1994.

2. While this Court entered an earlier judgment awarding attorney's fees on November 9, 1992, that order was appealed to the United States Court of Appeals for the Seventh Circuit. Until the Court of Appeals affirmed the decision on the merits on September 23, 1993, and considered any appeal issues raised concerning attorney's fees, we believe the claim for attorney's fees remained unliquidated. The claim for fees further remained unliquidated until the Court had determined the appropriate additional fees due for the appeal, which was October 29, 1993.

this Court's opinion, that process may frequently take as much as 30 days, though seldom more than 60 days.

The key issue here is whether it is mandatory for this Court to award interest on attorney's fees. We conclude that it is, based upon the language in *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101 (7th Cir.1990), which provides that 28 U.S.C. § 1961(a) "entitles the prevailing plaintiff in a federal suit ... to postjudgment interest at a rate fixed in the statute, whether or not there is an award of interest in the judgment, ... or even a request for interest in the complaint." *Bell* at 1104. Unless an award of attorney's fees is somehow not a judgment, then the fact that the Court's judgment entry failed to contain provisions for that interest, or the fact that the plaintiff has not sought to amend the judgment entry, is of no effect.

The defendants argue that since the District Court has the discretion to determine what an appropriate fee is, it also has the discretion to decide whether to award interest on that fee. While we recognize that the District Court has discretion to determine what an appropriate fee should be, we think that the discretion is largely limited to determining what an appropriate number of hours should have been spent on the case and the appropriate hourly rate that should be applied to those hours. While some case law such as *Fleming* indicates that the Court also has discretion to "compensate for delay in the receipt of the fee by a computation of interest or a percentage allowance for inflation", *Fleming* at 564, this discretion is limited to determining *pre-judgment* interest for the time period between the time that the legal services were performed until the time that the judgment entry changed the nature of the defendant's obligation from one which is unliquidated to an obligation that has been made certain. We can find no case that allows the discretion of the Court to reduce or remove the *post-judgment* interest obligation that accrues to the benefit of the plaintiff.

3. For the reasons described earlier in this opinion dealing with the practical problems of immediate judgment payment, the Court would en-

Therefore, this Court concludes that the Amended Judgment Entry of October 29, 1993, should be clarified. That entry should reflect that the plaintiff shall recover as reasonable attorney's fees in this matter the sum of Forty Thousand Eight Hundred Four Dollars and Fifty Cents ($40,804.50) **and post-judgment interest on the sum from October 29, 1993, until March 2, 1994, at the rate prescribed by 28 U.S.C. § 1961(a).**[3] A Second Amended Judgment Entry will be filed concurrently with this opinion.

**SO ORDERED.**

### *SECOND AMENDED JUDGMENT ENTRY*

**IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED** by the Court that judgment is hereby entered for plaintiff William E. Felton and against the Board of Commissioners of Greene County and Robert Crowe, in his official capacity only, in the amount of Thirty-seven Thousand Six Hundred Twelve Dollars and No Cents ($37,612.00). The plaintiff shall also receive postjudgment interest pursuant to 28 U.S.C. § 1961 payable at the rate pursuant to state law calculated from June 9, 1992.

The plaintiff shall recover as reasonable attorney fees in this matter the sum of Forty Thousand Eight Hundred Four Dollars and Fifty Cents ($40,804.50) **and post-judgment interest on the sum from October 29, 1993, until March 2, 1994, at the rate prescribed by 28 U.S.C. § 1961(a),** and costs in the amount of One Thousand One Hundred Sixty-four Dollars and Eighty Cents ($1,164.80). The defendants are also **ORDERED** to hire the plaintiff for the position of driver for the Veterans' Service Office, unless the plaintiff waives his right to that position, in writing, or unless a physician chosen by defendants certifies in writing that plaintiff's physical condition prohibits him from driving safely. The plaintiff shall be reinstated to the driver position within a reasonable time not to exceed sixty (60) days from the date of the

courage, though it cannot compel, the considerate gesture by Haskins of some compromise on the amount of interest to be paid for this period.

**1102**

Amended Judgment Entry of October 29, 1993.

The plaintiff shall take nothing and this action is hereby dismissed as to Robert Crowe in his individual capacity.

**IT IS SO ORDERED.**